# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PAUL CHAPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV00308 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Paul Chapman's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. After reviewing the motion, the Court will direct movant to show cause why it should not be dismissed as untimely.

### **Background**

On March 3, 2005, movant pled guilty to possession of child pornography, and on May 25, 2005, the Court sentenced movant to an aggregate term of twenty-one months' imprisonment followed by five years of supervised release. United States v. Chapman, 4:05CR117 ERW (E.D. Mo.). Movant did not appeal.

On March 2, 2010, the Court revoked movant's supervised release and sentenced him to be imprisoned for six months followed by lifetime supervised release. Movant did not appeal the judgment for revocation.

On February 12, 2013, movant filed his § 2255 motion. The motion is inartfully drafted, which makes it difficult to discern whether he is attacking the 2005 judgment or the 2010 judgment. A close reading, however, reveals that movant is attacking the 2010 judgment. Movant claims that the life term of supervised release violates the Eighth Amendment's prohibition on cruel and unusual punishment, his Thirteenth Amendment rights, and his "civil and human rights."

## Standard

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been

>newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. Day v. McDonough, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. Id.

**Discussion**

The limitations period began to run ten days after the judgment was entered, on or about March 12, 2010. See Fed. R. App. Proc. 4(b)(1). The limitations period ended, therefore, on or about March 12, 2011. As a result, the § 2255 motion appears to be time-barred.

Movant shall have twenty-one days to show cause why the instant action should not be summarily dismissed. If movant fails to show adequate cause, or if he fails to timely respond to this Order, the Court will dismiss this action without further proceedings.

The Court notes that the government filed a motion to dismiss based on untimeliness. The government's motion, however, presumes that movant is attacking the 2005 judgment. As a result, the motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause within twenty-one (21) days of the date of this Order why this action should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, this action will be dismissed.

**IT IS FURTHER ORDERED** that the government's motion to dismiss [ECF No. 2] is **DENIED**.

So Ordered this 15th day of April, 2013.

_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE