UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL CHAPMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13CV00308 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Having given notice to movant that the action is time-barred, and having received movant's response, the Court now finds that this action must be summarily dismissed under Rule 4 of the Rules Governing § 2255 Proceedings for the United States District Courts.

On March 3, 2005, movant pled guilty to possession of child pornography, and on May 25, 2005, the Court sentenced movant to an aggregate term of twenty-one months' imprisonment followed by five years of supervised release. United States v. Chapman, 4:05CR117 ERW (E.D. Mo.). Movant did not appeal.

On March 2, 2010, the Court revoked movant's supervised release and sentenced him to be imprisoned for six months followed by lifetime supervised release. Movant did not appeal the judgment for revocation.

On February 12, 2013, movant filed his § 2255 motion. In it, movant challenges the revocation judgment. Movant claims that the life term of supervised release violates the Eighth Amendment's prohibition on cruel and unusual punishment, his Thirteenth Amendment rights, and his "civil and human rights."

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Title 28 U.S.C. § 2255(f) provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The limitations period began to run ten days after the judgment was entered, on or about March 12, 2010. See Fed. R. App. Proc. 4(b)(1). The limitations period ended, therefore, on or about March 12, 2011. Movant did not file the instant action until February 2013. As a result, the § 2255 motion is untimely.

Movant argues that he is entitled to equitable tolling because he did not know that he could challenge his sentence through a § 2255 motion and did not know how to obtain the paperwork for doing so while he was incarcerated in the Missouri Department of Corrections.

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Id. at 2563.

Movant has not alleged or shown that he diligently pursued his rights while he was confined in the Missouri prison system. Nor has he shown that an extraordinary circumstance prevented him from timely filing his motion. E.g., Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) ("Pro se status, lack of legal knowledge or legal

resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling."). As a result, the Court finds that movant is not entitled to equitable tolling.

Finally, movant has failed to demonstrate that jurists of reason would find it debatable whether the motion is untimely or whether he is entitled to equitable tolling. Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DISMISSED.**

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed with this Memorandum and Order.

So Ordered this 8th day of May, 2013.

*Henry Schwerdt[signature]*
UNITED STATES DISTRICT JUDGE